FILED by __ D.C.

ELECTRONIC

**June 30, 2010**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
Southern District of Florida

Case Number: _____

FREDA SHERMAN STEVENS, (Pro Se)

Plaintiff/Petitioner

v.

THE TOWN OF DAVIE,
CARYL CASEY-HATTAN,
Dr. BRENDA SNIPES, as Broward
Supervisor of Elections, THE
BROWARD COUNTY CANVASSING
BOARD, and the STATE OF FLORIDA

Defendants/Respondents.
_____/

**10-61117-CV-Gold/McAliley**

COMPLAINT
PLAINTIFF DEMANDS TRIAL BY JURY

## COMPLAINT FOR DECLARTORY AND INJUNCTIVE RELIEF

1.  Plaintiffs/Petitioners Freda Sherman Stevens, in the above styled cause, sues the defendant(s): the Town of Davie, Caryl Casey-Hattan, Dr. Brenda Snipes as Broward Supervisor of Elections, and the Broward County Canvassing Board for violation of her individual rights, and First and Fourteenth Amendment Rights under the United States Constitution. This action presents a federal question under 42 U.S.C §1983 (Civil Rights Act of 1871) to the United States Constitution and states:

### JURISDICTION, VENUE and PARTIES

2.  Plaintiff's claims arise under the Constitution and laws of the United States. This Court has jurisdiction over her claims pursuant to 28 U.S.C. §§ 1331(a) and 1343(a)(3), and authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R.

1

Civ. P. 57 and 65.

3.  Venue in the Southern District of Florida is proper pursuant to Title 28 U.S.C. § 1391(e) in that the parties reside in the Southern District of Florida and the events which are the subject of this Complaint occurred in the Southern District of Florida.

4.  Plaintiff Freda Sherman Stevens ("Stevens", "Petitioner" or "Plaintiff") is a United States citizen and individual over eighteen years of age residing in Broward County, Florida, and is otherwise *sui juris*. Stevens was an allegedly unsuccessful candidate in the Davie Town Council District 2 election ("The Election") by a margin of approximately ninety votes.

5.  Defendant, Caryl Casey-Hattan ("Hattan" or "Defendant"), is an individual over eighteen years of age residing in Broward County, Florida, and is otherwise *sui juris*. Hattan was the allegedly successful candidate for the position on the Davie Town Council as a result of the Election.

6.  Defendant, The Broward County Canvassing Board ("The Board"), is the entity responsible for supervising The Election, is a necessary and indispensable party defendant in any action brought pursuant to F.S. § 102.168, and is otherwise *sui juris*.

7.  Defendant, The Town of Davie ("The Town"), is a municipal corporation under Florida law, with its principle place of business in Broward County, Florida, and is otherwise *sui juris*. The Town is the entity responsible for installing the elected members of the Davie Town Council and refused to hold off on such action, despite actual knowledge of Plaintiff/Petitioner's timely contest of The Election.

8.  Defendant, Dr. Brenda C. Snipes, as the Broward Supervisor of Elections ("Broward Supervisor of Elections), is an indispensible party defendant in any action brought pursuant to F.S. § 102.168, and is otherwise *sui juris*.

2

9.   Defendant, the State of Florida, is a member of the United States of America, and the laws of the First and Fourteenth Amendment to the United States Constitution, and is otherwise *sui juris*.

### Statement of Facts

10. The Election, which took place on March 9, 2010, was, beset by numerous irregularities, improprieties, and a multitude of violations of Chapter 102, Florida Statutes, the First Amendment, Fourteenth Amendment, the Voting Rights Act of 1965, and Title 18, U.S.C. SECTION 245 all resulting in reasonable doubt over the accuracy and legitimacy of the results obtained at The Election.  The events preceding, the day of, and following the Election notwithstanding all court proceedings, filing of Notices, Affirmative Defenses, and Motions by Defendants, the Court's handling or mishandling counsel for the defendants misuse of Court procedures, sanctions, and lack of regard for Florida Rules of Civil Procedures have resulted in damage to the Plaintiff by infringing on her U.S. Constitutional Rights including First Amendment Rights, specifically the right to due process, access to courts, prohibiting the Plaintiff from accessing the Court for redress of grievances, and otherwise unlawfully abridged the civil rights of the Plaintiff. Each Defendant named in the Second Amended Complaint independently, separately, and collectively attributed to the factual evidence that give rise to this second amended complaint/petition in some way. In no way exhaustive, some of the events which transpired on that day, and in the months preceding and the days following The Election, include the following:

I.       On more than five occasions, Dr. Deborah Brown, among others, observed Hattan, entering one of the primary polling locations, the T009 precinct, to engage in unlawful conversations with poll-workers, a clear violation of F.S. § 102.031. No election official took

3

any action whatsoever to prevent Hattan from engaging in such unlawful conduct, but rather chose to engage in it with her.  Such misconduct, malfeasance, fraud or corruption on the part of the election officials acting on behalf of the Broward Supervisor of Elections in allowing these unlawful acts to take place at the polling stations is sufficient to change or place in doubt the results of The Election.

II.  Dr. Brenda Snipes, as the Broward Supervisor of Elections failed to provide a maintenance log-clerk certificate, or a review of the zero tapes, as requested by Plaintiff and others, in accordance with a lawful public records request, raising doubts as to the results achieved during The Election. Public records requests were made in March; however, the Broward Supervisor of Elections has not provided the requested data to date.

III.  Hattan was, observed, on numerous occasions, engaging Stevens' constituency, in an effort to harass them and/or deter them from successfully voting for Stevens. On Election Day, Plaintiff campaign supporters drove two vans transporting numerous low income African American and Hispanic American eligible voters to the T009 polling location, the Old Davie School located at 6650 Griffin Road, Davie, Florida 33314. Dr. Deborah Brown, Connie Smith, and others observed Hattan repeatedly approach eligible African American and other minority voters as they arrived at the T009 precinct polling location or the Old Davie School to vote. Hattan repeatedly asked African American voters, "*Where did you come from and who paid you to vote.*" Other comments overheard made by and to Hattan and her co-conspirators included, "*Were those people paid money or food stamps to vote?*" as African American and Hispanic American voters entered the polling place. Hattan was accompanied by several Town of Davie Police officers who were wearing Fraternal Order of Police t-shirts. Hattan was also accompanied by several unknown supporters that were seen driving through Plaintiffs

neighborhood during odd hours of the night. Hattan's actions constituted a direct or indirect use of intimidation or tactic of intimidation to induce voters to refrain from voting, a *per se* violation of Florida Statutes § 104.0615(2)(a).

IV.    Individuals, including Woody Clermont, presented to the T002 polling location-The Town of Davie Community Room and observed that the voting machines experienced a multitude of delays and malfunctions.  When African-American voters attempted to vote, voters observed that the machines malfunctioned; only to miraculously correct themselves, and begin to function, when white voters entered to use the voting machines. The malfunctioning of the voting machines on the day of The Election raises a reasonable doubt as to the accuracy of the results obtained on Election Day.

V.    Sometime in January, only two months prior to The Election, the Broward County Supervisor of Elections, questionably transferred The T10 Precinct from district 2 to district 3, with no notice to Stevens, thereby relocating approximately 500 or more voters, whom Stevens reasonably believes, would have voted for her. Displaced low income African American and Hispanic American voters were not provided notice that the Election would be held on March 9, 2010 and they were still eligible to vote in this election.

VI.    Numerous African-American voters, among other potential voters for Stevens, were unlawfully turned away from the polling locations, and denied provisional ballots, in violation of F.S. § 101.048.

VII.    After providing election officials with accurate identification at the time of voting, individuals such as Richard Knott were unlawfully asked to sign electronic pads containing the names of other individuals, rather than their own.  Mr. Knott's affidavit is attached to the Complaint hereto, as Exhibit "A."

VIII.   Plaintiff reasonably believes election officials have rejected a number of legal votes sufficient to change or place in doubt the results of The Election. According to voting records, 1098 votes were cast in the Davie Town Council District 2 Election. However, only 564 votes counted towards the Davie Town Council District 2 Election.

IX.   The supervisor of elections did not secure the ballot boxes in a lawful fashion pursuant to F.S. § 103.24 and as a result, has jeopardized the accuracy of the results obtained from The Election. The Broward County Canvassing board failed to ensure the ballots were secured in accordance with Florida Statutes and acceptable and approved ballot security procedures prior to and following certifying the election held on March 9, 2010 for Davie Town Council District 2.

11. Hattan failed to properly, complete the DS-DE 9 Designation of Campaign Treasurer form, a requirement in order to be eligible for nomination for the position on the Davie Town Council. Eligible candidates are required to fill out all qualifying forms in a complete fashion and submit the required qualifying fee to the Davie Town Clerk by January 11, 2010. A cursory review of Hattan's qualifying paperwork reveals she failed to include the city/town, state, and zip code on her qualifying documents and was thus ineligible to be nominated for the office in dispute pursuant to F.S. §102.168(3)(b). Plaintiff learned of this situation after the Election and it was not clear to Plaintiff prior to the Election there was a violation. The Town Clerk certified all candidates and Plaintiff did not know the certification was incorrect, having no knowledge of the requirements of the Town Clerk to verify all documents were completely filled out prior to certifying or qualifying a candidate. Plaintiff did not know she could challenge the Town Clerk's certification or qualifying of a candidate at any point, including prior to or after an election. Plaintiff learned of this information following the election through a Davie resident that noticed

6

the discrepancy on defendant Hattan's qualifying paperwork. The Town Clerk works at the discretion of the Mayor and fellow Councilmembers, two of whom endorsed defendant Hattan's candidacy. Mayor Judy Paul and Councilmember Bryan Caletka endorsed defendant Hattan and publicly supporter Hattan in their official capacity. It is reasonable to believe the Town Clerk could have faced retribution if he failed to qualify defendant Hattan. Town Attorney John Rayson, Mayor Judy Paul, and Councilmember Bryan Caletka contributed to the financial campaign of defendant Hattan.

12.     Plaintiff/Petitioner's Counsel cordially requested that The Town refrain from installing Hattan until this Court has had time to review Plaintiff's timely filed and legally sufficient Complaint. The Town of Davie was made aware of the allegations of Voter Intimidation, Voting Rights violations, and the Contested Election. The Town of Davie ignored these facts and installed Hattan in spite of full knowledge of the timely filed Contest to the Election and allegations of violations of the Voting Rights Act.

13.     The Town has insisted that, despite the civil rights violations and contest to the Election, it had a right to install Hattan, on March 16, 2010. Mayor Judy Paul and Councilmember Bryan Caletka personally endorsed defendant Caryl Hattan. Mayor Paul was quoted on a campaign mailer as saying, "I need Caryl Hattan on the Council with me to lower property taxes." John Rayson, Town of Davie Attorney contributed to the political campaign of defendant Hattan. Town of Davie Mayor Judy Paul contributed to the political campaign of defendant Hattan. After Plaintiff filed to run for the campaign, Mayor Judy Paul continued to openly support defendant Hattan's campaign and was quoted on end of the campaign mailers as stating, "*I need Caryl Hattan on the Council to help me fight for our needs including smart development and keeping taxes low.*"

7

14. Due to concealment by the Town of Davie, allowing Hattan to amend her report and not having a record of the old or original paperwork to compare to, the qualification paperwork was not available to the public.

15. On March 2, 2010, during the Town of Davie Council meeting, during public comments time, three Hattan supports made public comments about the Plaintiff, the town of Davie mayor took no steps to limit comments, stop abusive dialogue or prevent harm, show partiality, and protect the public safety of residents. On this same night, candidates for town council gave presentations as it was the last meeting prior to the election scheduled to be held on March 9, 2010. On this evening, Plaintiff arrived at the Town hall to notice a black truck with a confederate flag on the back parked at town hall. Another truck with a confederate flag drove up to the town hall just as the Plaintiff arrived. The driver sped up past Plaintiff turned onto Orange Drive and parked in the parking lot for the town of Davie. The driver sat in the car starring at Plaintiff, as though he was waiting for me to leave.

16. The town of Davie was scheduled to participate in an Introduction to business workshop on in February 2010, sponsored by Broward SCORE exclusively for members of the Broward Black Caucus. The workshop was to be held at the Davie Chamber of Commerce. The workshop was FREE and for minority business owners or minorities interested in opening small businesses in the Town of Davie. Peter Tokar, Director of Business Development was invited to speak with the group and share opportunities for minority business owners in the Town of Davie. Mayor Judy Paul found out about the event and directed Peter Tokar to refrain from participating in the event. Supporters of Hattan called Broward SCORE and the Davie Chamber of Commerce to have the event cancelled at the last minute. The workshop was scheduled to begin at 7:00 pm.

8

It was cancelled at 5:00 pm. No attempts were made to reschedule the event. No apologies were made by the Town of Davie for the inconvenience to the Broward Black Caucus members.

17. The Town of Davie is currently being sued for employment discrimination. Previously, the Town of Davie has been sued or settled out of court for discrimination. Amongst the x number of town boards there are approximately 2 African Americans and 1 Hispanic Americans per se in violation of F.S. The Town of Davie has made no effort to attract or retain African Americans or other minorities to the Town boards and committees. The town of Davie has made no effort to ensure equal representation of qualified African Americans and other minorities on the town boards and committees.

18.     Displaced African American voters were not provided absentee ballots or notified they could vote in the March 9, 2010 Election.

19.     Polling places were moved without notice to residence of the El Jardin Community, a residential community located in the Town of Davie.

20.     Defendant Hattan paid for and approved a campaign mailer (see Exhibit C) that was black and blue with Plaintiffs picture on it, and in an effort to let the white voters know her opponent (the Plaintiff) is an African American.

21.     Defendant Hattan paid for and approved campaign yard signs with an Iris symbol on it, in a subliminal way of saying, "a vote for Hattan is a vote for a white Iris woman".

22.     Defendant Hattan is a Broward County School Board employee classroom teacher at Whispering Pines Middle school. According to reports, Hattan has been accused of racial discrimination multiple times.

23.     Low Income African American, disabled, elderly and other minority voters including Curtis Manuel were unlawfully denied the right to vote or provided a provisional ballot

9

in violation of Voting Rights Act of 1965. Curtis Manuel, a resident of Davie and supporter of the Plaintiff attempted to vote in the Election but was turned away without a provisional ballot.

24. Plaintiff has a relationship with the voters as they are her supporters and worked diligently for the campaign. There is a hindrance as most of the voters in question are low income African American, Hispanic American, disabled, and/or elderly without the wherewithal, means, or knowledge to bring a claim themselves. Finally, there is damage whereas the Plaintiff constitutional right to life liberty and property were abridged, by the lack of equal opportunity and due process among other civil rights violations, including the First Amendment, Fourteenth Amendment, the Voting Rights Act of 1965, and 42 U.S.C. 1983 (Civil Rights Act of 1871) of the U.S. Constitution. Violations of State Law including voting irregularities, misconduct, and fraud on the part of Election workers combined with the Civil Rights violations sufficiently place in doubt the outcome of the Election.

25.   The United States of Department of Justice settled a lawsuit alleging racial discrimination in Davie apartments-College Apartments. Town of Davie failed to provide safeguards to protect African Americans from housing discrimination. In 2009, the owner of College Apartments, a housing complex just 2 miles from Plaintiff residence in Davie, was ordered to pay $214,000 to settle Racial Discrimination Lawsuit. The lawsuit alleged the College Apartments failed to lease apartments to African Americans, charged African Americans higher security deposits, and higher lease payments. Plaintiff applied for an apartment at College Apartments in 2004 but was denied rental.

The Town of Davie did not pass an ordinance to protect African Americans from housing discrimination in accordance with Title VIII of the Civil Rights Act of 165 until June 17, 2009.

26. Plaintiff's relationship with the voters is valid, as the voters are her supporters and

10

worked diligently during my campaign. There is a hindrance as most of the voters in question are low income African American, Hispanic American, disabled, and/or elderly without the wherewithal, means, or knowledge to bring a claim themselves. Finally, there is damage whereas my constitutional right to life liberty and property were abridged, by the lack of equal opportunity and due process among other civil rights violations, including the First Amendment, Fourteenth Amendment, Fifteenth Amendment, the Voting Rights Act of 1965, and 42 U.S.C. 1983 (Civil Rights Act of 1871) of the U.S. Constitution. Violations of State Law including voting irregularities, misconduct, fraud, and/or corruption on the part of defendant Hattan, poll workers, election officials, the Town of Davie, and The Broward County Canvassing Board, combined with the Civil Rights violations resulted in damage to Plaintiff by loss of her rightful place on the Town Council, and places in doubt the outcome of the results obtained through The Election.

27.     All conditions precedent to this action have either occurred or been waived.

28. Paragraphs 1 through 9 are referenced, incorporated, and re-alleged.

## COUNT I-VIOLATED TITLE 42 §1986 ACTION FOR NEGLECT TO PREVENT

29. Plaintiff re-alleges paragraphs one through twenty-nine as if state herein.

30. The Town of Davie, a Florida Municipal Corporation neglected to prevent acts of civil rights violations, enact ordinances to protect civil rights of the Plaintiff and other African American and other minorities that reside in Davie.

a.     On March 2, 2010, during the Town of Davie Council meeting, during public comments time, three Hattan supports made public comments about the Plaintiff, the town of Davie mayor took no steps to limit comments, stop abusive dialogue or prevent harm, show

11

partiality, and protect the public safety of residents. On this same night, candidates for town council gave presentations as it was the last meeting prior to the election scheduled to be held on March 9, 2010. On this evening, Plaintiff arrived at the Town hall to notice a black truck with a confederate flag on the back parked at town hall. Another truck with a confederate flag drove up to the town hall just as the Plaintiff arrived. The driver sped up past Plaintiff turned onto Orange Drive and parked in the parking lot for the town of Davie. The driver sat in the car starring at Plaintiff, as though he was waiting for me to leave.

    b.  Plaintiff/Petitioner's Counsel cordially requested that The Town refrain from installing Hattan until this Court has had time to review Plaintiff's timely filed and legally sufficient Complaint. The Town of Davie was made aware of the allegations of Voter Intimidation, Voting Rights violations, and the Contested Election. The Town of Davie ignored these facts and installed Hattan in spite of full knowledge of the timely filed Contest to the Election and allegations of violations of the Voting Rights Act.

    c.  The Town has insisted that, despite the civil rights violations and contest to the Election, it had a right to install Hattan, on March 16, 2010. Mayor Judy Paul and Councilmember Bryan Caletka personally endorsed defendant Caryl Hattan. Mayor Paul was quoted on a campaign mailer as saying, "I need Caryl Hattan on the Council with me to lower property taxes." John Rayson, Town of Davie Attorney contributed to the political campaign of defendant Hattan. Town of Davie Mayor Judy Paul contributed to the political campaign of defendant Hattan. After Plaintiff filed to run for the campaign, Mayor Judy Paul continued to openly support defendant Hattan's campaign and was quoted on end of the campaign mailers as stating, "*I need Caryl Hattan on the Council to help me fight for our needs including smart development and keeping taxes low.*"

12

d.  The town of Davie was scheduled to participate in an Introduction to business workshop on in February 2010, sponsored by Broward SCORE exclusively for members of the Broward Black Caucus. The workshop was to be held at the Davie Chamber of Commerce. The workshop was FREE and for minority business owners or minorities interested in opening small businesses in the Town of Davie. Peter Tokar, Director of Business Development was invited to speak with the group and share opportunities for minority business owners in the Town of Davie. Mayor Judy Paul found out about the event and directed Peter Tokar to refrain from participating in the event. Supporters of Hattan called Broward SCORE and the Davie Chamber of Commerce to have the event cancelled at the last minute. The workshop was scheduled to begin at 7:00 pm. It was cancelled at 5:00 pm. No attempts were made to reschedule the event. No apologies were made by the Town of Davie for the inconvenience to the Broward Black Caucus members.

## COUNT II-VIOLATION OF FIRST AMENDMENT RIGHTS

31. Plaintiff re-alleges paragraphs one through twenty-nine as if stated herein.

32. On or about March 29, 2010 Defendants filed a Motion to Dismiss and Answer to Plaintiff's amended Complaint. Counsel for defendant Caryl Casey-Hattan filed a Motion to Dismiss and scheduled a Special Set hearing for June 11, 2010. Counsel for defendant Caryl Casey-Hattan failed to attempt in good faith to resolve the matter with the Plaintiff or counsel for the Plaintiff in accordance with local rules. Local Rule 10A specifically states:

**17. Prior to setting a special set hearing, the party or attorney noticing the motion for hearing shall attempt to resolve the matter and shall certify the good faith attempt to resolve.**
**18. To comply with the above, every attorney setting a hearing shall execute the following certification: I hereby certify that I have made a good faith attempt to resolve this matter prior to my noticing this motion for hearing.**
**19. Prior to appearing before the court, the parties shall discuss the issues raised in the pending hearing, and both parties shall be prepared to certify at the hearing they have made a good faith effort to resolve the issues.**
**20. Failure to comply with the procedures designated in the above paragraphs may result in the hearing being stricken from the docket or such other sanctions as the court deems appropriate. Rule 2.050 of the Florida Rules of Judicial Administration.**
On or about May 17, 2010, plaintiff filed a Motion for Continuance of the June 11, 2010,

13

Special Set hearing for the reasons outlined in the Motion for Continuance. Plaintiff did not receive Notice of the Special Set hearing scheduled and held on June 11, 2010. Plaintiff learned of the hearing through a third party and contacted the Court to find out the date of the Special Set hearing.

32. On or about May 26, 2010, former counsel for the Plaintiff filed a Motion to Withdraw. The Court set Motion Calendar for June 1, 2010 to hear Plaintiff's Motion for Continuance but failed to mail Notice of Calendar to plaintiff. If Plaintiff had not taken the additional step of contacting the court to find out the latest information on the case, Plaintiff would have never learned of the hearing date that the Court itself set.

33. Plaintiff spoke with the judge's assistant about the scheduled Motion Calendar and plaintiff requested to appear by telephone because of the reasons mentioned in the Motion for Continuance. Judge's assistant obtained the telephone number to call the Plaintiff. Judge assistant informed Plaintiff she would set up the telephone call and the Court would call Plaintiff on June 1, 2010 between 8:45 AM - 9:30 AM or as soon thereafter.

34. On June 1, 2010, the Court did not call the Plaintiff. Therefore, Plaintiff called the Court multiple times and spoke with the judge's assistant. The judge's assistant informed Plaintiff the hearing took place without Plaintiff or former counsel for the Plaintiff, the Motion for Continuance was denied, and the Special Set hearing scheduled for June 11, 2010 hearing would still take place.

35. Plaintiff immediately filed another Motion for Continuance citing the above referenced reasons for not appearing by telephone at the June 1, 2010 Motion Calendar and requested a hearing for Plaintiff's second Motion for Continuance. A copy of the Plaintiff's Motion for Continuance was hand delivered to the judge's assistant. Plaintiff could not obtain a hearing date because counsel for the defense was evasive and refused to give a date that was convenient for his client.

36. Plaintiff called counsel for defendant Caryl Casey-Hattan, Mike Moskowitz Esq., office to discuss the matter. Counsel for defendant Hattan failed to return the call.

37. After not receiving Notice of Hearing by mail, sometime thereafter, Plaintiff called the Court to find out the status of the case. Plaintiff was told verbally on the day of June 11, 2010 there was a Special Set hearing scheduled at 11:00 AM. Prior to this day, plaintiff never knew the exact time of the Special Set hearing scheduled for June 11, 2010. The Judge asked Plaintiff to waive attorney appearance and go forward with the defendant's Motion to Dismiss. Plaintiff refused to move forward without attorney of record and given the fact that the Special set Hearing was not scheduled in accordance with Local Rules. The Court sanctioned the Plaintiff and imposed costs and attorney's fees for all defendants. Plaintiff filed a Motion for Relief of

14

Sanctions. The Judge denied Plaintiff's Motion for Relief. On or about June 28, 2010, Plaintiff filed a Notice of Appeal of the Order Denying Motion for Relief and Order Imposing Sanctions on Plaintiff. Plaintiff filed Motion for Recusal, and Motion to Strike Special Set Hearing held on June 11, 2010.

## COUNT III-VIOLATION OF FOURTEENTH AMENDMENT RIGHTS

38. Plaintiff re-alleges paragraphs one through twenty-nine as if stated herein.

On or about March 29, 2010 Defendants filed a Motion to Dismiss and Answer to Plaintiff's amended Complaint. Counsel for defendant Caryl Casey-Hattan filed a Motion to Dismiss and scheduled a Special Set hearing for June 11, 2010. Counsel for defendant Caryl Casey-Hattan failed to attempt in good faith to resolve the matter with the Plaintiff or counsel for the Plaintiff in accordance with local rules. Local Rule 10A specifically states:

> **17. Prior to setting a special set hearing, the party or attorney noticing the motion for hearing shall attempt to resolve the matter and shall certify the good faith attempt to resolve.**
> **18. To comply with the above, every attorney setting a hearing shall execute the following certification: I hereby certify that I have made a good faith attempt to resolve this matter prior to my noticing this motion for hearing.**
> **19. Prior to appearing before the court, the parties shall discuss the issues raised in the pending hearing, and both parties shall be prepared to certify at the hearing they have made a good faith effort to resolve the issues.**
> **20. Failure to comply with the procedures designated in the above paragraphs may result in the hearing being stricken from the docket or such other sanctions as the court deems appropriate. Rule 2.050 of the Florida Rules of Judicial Administration.**

On or about May 17, 2010, plaintiff filed a Motion for Continuance of the June 11, 2010, Special Set hearing for the reasons outlined in the Motion for Continuance. Plaintiff did not receive Notice of the Special Set hearing scheduled and held on June 11, 2010. Plaintiff learned of the hearing through a third party and contacted the Court to find out the date of the Special Set hearing.

39. On or about May 26, 2010, former counsel for the Plaintiff filed a Motion to Withdraw. The Court set Motion Calendar for June 1, 2010 to hear Plaintiff's Motion for Continuance but failed to mail Notice of Calendar to plaintiff. If Plaintiff had not taken the additional step of contacting the court to find out the latest information on the case, Plaintiff would have never learned of the hearing date that the Court itself set.

40. Plaintiff spoke with the judge's assistant about the scheduled Motion Calendar and plaintiff requested to appear by telephone because of the reasons mentioned in the Motion for Continuance. Judge's assistant obtained the telephone number to call the Plaintiff. Judge

assistant informed Plaintiff she would set up the telephone call and the Court would call Plaintiff on June 1, 2010 between 8:45 AM - 9:30 AM or as soon thereafter.

41. On June 1, 2010, the Court did not call the Plaintiff. Therefore, Plaintiff called the Court multiple times and spoke with the judge's assistant. The judge's assistant informed Plaintiff the hearing took place without Plaintiff or former counsel for the Plaintiff, the Motion for Continuance was denied, and the Special Set hearing scheduled for June 11, 2010 hearing would still take place.

42. Plaintiff immediately filed another Motion for Continuance citing the above referenced reasons for not appearing by telephone at the June 1, 2010 Motion Calendar and requested a hearing for Plaintiff's second Motion for Continuance. A copy of the Plaintiff's Motion for Continuance was hand delivered to the judge's assistant. Plaintiff could not obtain a hearing date because counsel for the defense was evasive and refused to give a date that was convenient for his client.

43. Plaintiff called counsel for defendant Caryl Casey-Hattan, Mike Moskowitz Esq., office to discuss the matter. Counsel for defendant Hattan failed to return the call.

44. After not receiving Notice of Hearing by mail, sometime thereafter, Plaintiff called the Court to find out the status of the case. Plaintiff was told verbally on the day of June 11, 2010 there was a Special Set hearing scheduled at 11:00 AM. Prior to this day, plaintiff never knew the exact time of the Special Set hearing scheduled for June 11, 2010. The Judge asked Plaintiff to waive attorney appearance and go forward with the defendant's Motion to Dismiss. Plaintiff refused to move forward without attorney of record and given the fact that the Special set Hearing was not scheduled in accordance with Local Rules. The Court sanctioned the Plaintiff and imposed costs and attorney's fees for all defendants. Plaintiff filed a Motion for Relief of Sanctions. The Judge denied Plaintiff's Motion for Relief. On or about June 28, 2010, Plaintiff filed a Notice of Appeal of the Order Denying Motion for Relief and Order Imposing Sanctions on Plaintiff. Plaintiff filed Motion for Recusal, and Motion to Strike Special Set Hearing held on June 11, 2010.

## COUNT IV-VIOLATION OF 42 U.S.C. 1983 (CIVIL RIGHTS ACT OF 1871)

45. Plaintiff re-alleges paragraphs one through twenty-nine as if stated herein.

WHEREFORE Plaintiff demands judgment and/or declaratory relief against Defendants,

and requests that this honorable Court invalidate the alleged results of the Election and compel

The Board and/or other Broward County officials to initiate a new election conducted in a lawful

and equitable fashion, and prays for such other relief as the Court deems just and proper.

## COUNT V-VIOLATION OF VOTING RIGHTS ACT OF 1964

46. Plaintiff re-alleges paragraphs one through twenty-nine as if stated herein.

47. African American voters including Mr. Curtis Manuel were unlawfully denied the right

to vote in the March 9, 2010 Davie Election. Mr. Curtis Manuel reported to the T009 voting

precinct on March 9, 2010 to cast a ballot for the Plaintiff. Election workers unlawfully denied

Mr. Manuel the right to vote and refused to grant him a provisional ballot despite his valid

driver's license, utility bill in his name, and previously voting at this polling location for the

2008 Presidential Election for President Barack Obama.

48. After asking another voter Connie Smith who was with him, why so many people were

here to vote for the Plaintiff and few people showed up to vote for her opponent (Hattan) election

workers acting on behalf of the Broward Supervisor of Elections told Mr. Manuel he could not

vote and no one on his side of the street could vote in the Davie Election.

WHEREFORE Plaintiff demands judgment and/or declaratory relief against Defendants,

and requests that this honorable Court invalidate the alleged results of the Election and compel

The Board and/or other Broward County officials to initiate a new election conducted in a lawful

and equitable fashion, and prays for such other relief as the Court deems just and proper.

## COUNT VI-VIOLATION OF VOTING RIGHTS ACT OF 1965

49. Plaintiff has a relationship with the voters as they are her supporters and worked

17

diligently for the campaign. There is a hindrance as most of the voters in question are low income African American, Hispanic American, disabled, and/or elderly without the wherewithal, means, or knowledge to bring a claim themselves. Finally, there is damage whereas the Plaintiff constitutional right to life liberty and property were abridged, by the lack of equal opportunity and due process among other civil rights violations, including the First Amendment, Fourteenth Amendment, the Voting Rights Act of 1965, and 42 U.S.C. 1983 (Civil Rights Act of 1871) of the U.S. Constitution. Violations of State Law including voting irregularities, misconduct, and fraud on the part of Election workers combined with the Civil Rights violations sufficiently place in doubt the outcome of the Election.

## **COUNT VII-VIOLATION OF TITLE 18, U.S.C. SECTION 245**

50. Plaintiff re-alleges paragraphs one through twenty-nine as if stated herein. In an email exchange, after being asked numerous times to cease and desist contacting the Plaintiff, the Plaintiff's family, driving by the Plaintiff's home at odd hours of the night including between 12:00 AM and 6:00 AM, Ellen Marie Kilbride, a supporter of Defendant Hattan sent a threatening email to the Plaintiff advising her to drop out of the race for Davie Town Council District 2, or be "exposed".

51. Plaintiff has filed police reports with the Davie Police Department and there is an open case regarding this matter.

52. Ellen Marie Kilbride sent emails to Ed Joffe, Director of the Broward SCORE, where the Plaintiff was a volunteer, asking him to remove her as a volunteer. Ellen Marie Kilbride sent other threatening emails and make phone calls to Plaintiff throughout and following the campaign.

### COUNT VIII-VIOLATED FLORIDA STATUTE § 102.168(3)(a)(3)(b) and (3)(c)

53.     Plaintiff re-alleges paragraphs one through twenty-nine as if stated herein.

54.     Defendants violated Florida Statute § 102.168(3)(a) and (3)(b) by engaging in misconduct, fraud, or corruption, as more fully described in Paragraph five above.

55.     As a result of the misconduct, fraud, or corruption committed in violation of F.S. § 102 on the part of the allegedly successful candidate, Hattan and The Broward County Canvassing Board, Plaintiff Stevens has suffered damages and has been denied her rightful membership on  the Davie Town Council.

56.     Election workers instructed Davie residents including Richard Knott, who presented on Election Day to vote for the plaintiff, to sign over someone else name, after he presented correct identification. Voters like Richard Knott relied on the instructions of Election Workers to their detriment.

57.     Violation of 102.168 3b, the Broward Supervisor of Elections and election workers acting on behalf of the Broward Supervisor of elections questionably challenged the voting rights of numerous low income African American and other minority voters who presented proper identification and intended to vote for the Plaintiff.

58.     The Broward Supervisor of Elections neglected to provide residents of the El Jardin community, an affordable housing community, of low income African American and Hispanic American voters notice of the 2008 Presidential Election, sample ballots for the 2008 presidential election, notice of removal or relocation of the polling location from the original polling place to the new polling place, and any notification about the March 9, 2010 Election. Residents including Ann Brooks presented to the old polling place to vote and no one was at the polling location; if a voter did not take the additional step to call a friend; they would have never

19

learned the address of the new or correct polling place. If the Plaintiff did not walk door to door in the El Jardin Community, residents including Ann Brooks would not have known there was an upcoming election on March 9, 2010.

WHEREFORE Plaintiff/Petitioner demands immediate declaratory/injunctive relief and is entitled to an immediate hearing pursuant to F.S. 102.168. Petitioner asks the Court to enjoin the unlawful installation of Hattan by The Town. Petitioner also requests that this honorable Court invalidate the alleged results of The Election and compel The Board and /or Broward Election Supervisor, or other Broward County officials, to initiate a new election conducted in a lawful and equitable fashion, and prays for such further relief as the Court deems just and proper.

### COUNT II-VIOLATION OF FLORIDA STATUTE § 102.031(3)(a)

59.    Plaintiff re-alleges paragraphs one through twenty-nine as if stated herein.

60.    Hattan violated F.S. § 102.031(3)(a) by entering the polling place on numerous occasions to speak with polling workers as more fully alleged in Paragraph five.

61.    The Supervisor of Elections and/or the clerk violated F.S. § 102.031 by failing to maintain order at the polls and by failing to take any corrective measures in response to Hattan's entering the polling place and engaging in other disruptive behavior such as harassing voters at the polling places.

62.    As a result of the misconduct, fraud, or corruption in violation of F.S. §102.031 on the part of the allegedly successful candidate, Hattan and The Broward County Canvassing Board, Plaintiff Stevens has suffered damages and has been denied her rightful membership on the Davie Town Council.

WHEREFORE Plaintiff demands judgment or declaratory relief against Defendants, and requests that this honorable Court invalidate the alleged results of The Election and compel

20

The Broward County Canvassing Board, the Broward Supervisor of elections and /or other Broward County officials, to initiate a new election, conducted in a lawful and equitable fashion, and prays for further relief as the Court deems just and proper.

**COUNT III-VIOLATION OF FLORIDA STATUTE §101.24**

63. Plaintiff re-alleges paragraphs one through twenty-nine as if stated herein.

64. Florida Statute § 101.24 provides that, "After securely sealing the ballot box or ballot transfer container, the supervisor shall send the ballot box or ballot transfer container to the clerk or inspector of election of the precinct in which it is to be used. The clerk or inspector shall be placed under oath or affirmation to perform his or her duties faithfully and without favor or prejudice to any political party."

65. The Broward Supervisor of Elections failed to comply with F.S. § 102.24 by failing to securely seal the ballot box or ballot transfer container, thereby jeopardizing the accuracy of the results obtained from The Election.

66. As a result, of the misconduct, fraud, or corruption evidenced by the Supervisor of Election's failure to comply with F.S. § 102.24, Plaintiff Stevens has suffered damages and has been denied her rightful membership on the Davie Town Council.

WHEREFORE Plaintiff demands judgment or declaratory relief against Defendants, and requests that this honorable Court invalidate the alleged results of The Election and compel The Board and /or other Broward County officials to initiate a new election conducted in a lawful and equitable fashion, and prays for further relief as the Court deems just and proper.

**COUNT IV- VIOLATION OF FLORIDA STATUTE § 102.168(3)(b)**

67. Plaintiff re-alleges paragraphs one through twenty-nine as if stated herein.

21

68.    Hattan failed to comply with the reporting requirements, which are necessary to be eligible for office as more fully alleged in Paragraph five.  Hattan's ineligibility for nomination for the office which is the subject matter of this action, is sufficient grounds to set aside the results of The Election, pursuant to F.S. § 102.168(3)(b). Plaintiff learned of defendant Hattan's reporting problems following The Election.

WHEREFORE Plaintiff demands judgment and/or declaratory relief against Defendants, and requests that this honorable Court invalidate the alleged results of The Election and compel The Board and /or other Broward County officials to initiate a new election conducted in a lawful and equitable fashion, and prays for such further relief as the Court deems just and proper.

## COUNT VII-VIOLATION OF FLORIDA STATUTES 104.0615(3)(a)

69. Plaintiff re-alleges paragraphs one through twenty-nine as if stated herein.

70. African American voters including Mr. Curtis Manuel were unlawfully denied the right to vote in the March 9, 2010 Davie Election. Mr. Curtis Manuel reported to the T009 voting precinct on March 9, 2010 to cast a ballot for the plaintiff. Election workers unlawfully denied Mr. Manuel the right to vote and refused to grant him a provisional ballot despite his valid driver's license, utility bill in his name, and previously voting at this precinct. Mr. Manuel voted at this same precinct-T009 during the 2008 Presidential election for President Barack Obama.

71. After asking another voter Connie Smith who was with him, why so many people were here to vote for the Plaintiff and few people showed up to vote for her opponent (the defendant) election workers told Mr. Manuel he could not vote and no one on his side of the street could vote in the Davie Election.

WHEREFORE Plaintiff demands judgment and/or declaratory relief against Defendants,

22

and requests that this honorable Court invalidate the alleged results of the Election and compel

The Board and/or other Broward County officials to initiate a new election conducted in a lawful

and equitable fashion, and prays for such other relief as the Court deems just and proper.

### COUNT VIII-VIOLATION OF FLORIDA STATUTES 104.31(1)(a)(b)(c)

72. Plaintiff re-alleges paragraphs one through twenty-nine as if stated herein.

73. Hispanic voters including Manny Marroquin witnessed Davie Police Department Officers

at the T009 polling location. The Davie Police Department endorsed defendant Caryl Casey-

Hattan in the Davie Election. According to eyewitnesses, two police officers were standing at the

polling location in allegedly in support of defendant Hattan. A voter walked up and one Davie

police officer stated, you know you to vote for right? The voter said yes, the other officer stated,

right vote for Freda Stevens she is the best candidate. The other police officer nudged his

partner and said no you are supposed to say Caryl. The officer looked visibly upset at the

reprimand and it was clear to the observers that the officer did not agree with being chastised or

forced to support Hattan.

### RELIEF SOUGHT

WHEREFORE Plaintiff respectfully requests that this Court:

1. Assume jurisdiction over this case;

2. Aware Plaintiff punitive and compensatory damages in bringing this case pursuant to
   42 U.S.C. § 1988; and

3. Award Plaintiff such further relief as may be just and proper.

Dated this 20th day of June, 2010.

23

Respectfully submitted,

Freda Sherman Stevens, Pro Se Litigant
4611 S University Drive Suite 406
Davie, Florida 33328
(954) 594-9567 and (954) 587-8877

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Second Amended Complaint has been furnished by U.S. mail this 30th day of June, 2010 to the following:

Burnadette Norris-Weeks, Esq., 401 North Avenue of the Arts, Ft Lauderdale, Fl 33311.
Michael Moskowitz, Esq., 800 Corporate Drive, Suite 500, Ft Lauderdale, Fl 33334.
James D. Rowley, Esq., 115 South Andrews Ave, Suite 423, Ft Lauderdale, Fl 33301.
Town of Davie, John Rayson, Esq., 2400 East Oakland Park, Suite 200, Ft Lauderdale, Fl, 33306.
Oneri Llopiz, 1201 Brickell Avenue, Fifth Floor Miami, FL 33131-3207. Counsel for the State of Florida TBD.

By
Freda Sherman Stevens, Pro Se Litigant
4611 S University Drive Suite 406
Davie, Florida 33328
(954) 594-9567 and (954) 587-8877

24