UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FREDA STEVENS,

    Plaintiff/Petitioner,                         CASE NO:  10-61117-CV-Gold/McAliley

v.

THE TOWN OF DAVIE, CARYL CASEY-HATTAN,
DR. BRENDA SNIPES, as Broward Supervisor of Elections,
BROWARD COUNTY CANVASSING BOARD and the
STATE OF FLORIDA

    Defendants/Respondents

_____/

**CARYL CASEY-HATTAN AND THE TOWN OF DAVIE'S MOTION FOR AN ORDER TO SHOW CAUSE WHY FREDA STEVENS SHOULD NOT BE ENJOINED FROM FILING FURTHER PRO SE PLEADINGS AND FILINGS IN THIS COURT AND OR FOR SANCTIONS**

Defendants Town of Davie and Caryl-Casey Hattan ("Defendants"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure, hereby move for Rule to Show Cause and Order directed towards Plaintiff, Freda Stevens, to show cause why she should not be enjoined from filing further *Pro Se* pleadings and filings in this Court in this matter and/or otherwise sanctioned, as a result of her consistent and deliberate failure to complete her obligation to serve copies of all documents filed with this Court, and her multiple threatened and actual vexatious filings in this and other Courts, as well as the Florida Bar.

**I. STATEMENT OF FACTS**

This matter all arises from Plaintiff's "sour-grapes" in losing an election for the Town of Davie Town Council.  In an effort to both challenge the election results, as well as harass her opponent, Caryl Casey-Hattan, Plaintiff has filed a plethora of suits across several courts, suing everyone from her opponent to the State of Florida, all seeking the same frivolous relief.  *See*

CASE NO: 10-61117-CV-Gold/McAliley

Complaint at D.E. 1.

On or about September 3, 2010, the Clerk of the Fourth District Court of Appeal (where this matter is also pending) docketed the filing of a Motion to Consolidate Appeals and a Motion for Extension of Time to File Initial Brief. Undersigned, to date has not received service of either document. On September 7, 2010, upon learning of the filings only by chance inquiry of the online docket, Undersigned sent correspondence to Stevens stating:

> Despite repeated requests, you continue to make filings without serving our office. We are asking for the last time, that you mail or fax, any and all filings that you make in this, or any of the related matters. It is unfortunate that you deliberately continue a course of conduct of litigation by ambush. We therefore ask that you send us a copy of your docketing statement, Motion to Consolidate and Motion for Extension of Time to file Initial Brief as detailed below.

*See* Exhibit "A" hereto.

In response, and without sending any of the requested Motions, Plaintiff responded with threats and insults against the Undersigned, to wit:

> Stephen Johnson, Esq,:
> NUMBER ONE, DO NOT EVER SPEAK TO ME IN THAT TONE. I AM NOT YOUR CHILD, YOUR WIFE, OR YOUR GIRLFRIEND. I AM NO ONE TO YOU AND YOU ARE ABSOLUTELY NO ONE TO ME. GIVE ME THE SAME RESPECT YOU WANT. GOT IT?
>
> ***
>
> NUMBER THREE, I AM NOT OBLIGATED TO FAX AND MAIL YOU A COPY OF THE FILINGS. I HAVE BEEN DOING BOTH JUST OUT OF COURTESY. MY ONLY OBLIGATION IS TO MAIL YOU A COPY OF THE FILINGS. THE FILINGS HAVE BEEN MAILED TO YOU. I AM NOT RESPONSIBLE FOR THE MAIL.
>
> ***NUMBER FOUR, IF YOU WANT TO CALL YOURSELF COMPLAINING ABOUT ANYBODY FOLLOWING THE RULES OF CIVIL PROCEDURE, THAT'S BULL. THERE ARE A LOT OF THINGS THE [FLORIDA V] BAR***

CASE NO: 10-61117-CV-Gold/McAliley

> *SHOULD HEARD ABOUT YOUR DISREGARD FOR THE RULES OF CIVIL PROCEDURE [MR V]. UNOPPOSED MOTION FOR STAY (WHICH YOU KNOW I DID NOT AGREE TO). SO, DON'T DISH IT OUT IF YOU CAN NOT HANDLE GETTING IT BACK.*
>
> NEXT TIME YOU CALL YOURSELF WANTING TO SPEAK TO ME, MAN UP AND USE THE PHONE INSTEAD OF SENDING ME SOME EMAIL LIKE A LITTLE.....

*See* Exhibit "B" hereto. (Capitals in original; emphasis added)

By way of background, in all of the proceedings, Plaintiff has repeatedly—if not routinely—seen fit to file documents without bothering to notify or serve any other Defendant. As early as June 29, 2010, soon after Undersigned's appearance in this matter, Plaintiff was asked, repeatedly for copies of documents that she indicated were filed or that she intended to file. *See* Exhibit "C" hereto. Plaintiff, was first reminded of her responsibility to serve copies of all documents by email dated June 30, 2010 which stated in part:

> Ms. Stevens,
> You are a litigant in a suit. If you are filing papers in said suit, YOU have the responsibility to serve said papers on all parties-including the Town. You have our fax number-and our email addresses-yet we have yet to receive your Second Amended Complaint after repeated requests. There is a hearing on July 2nd. Our office is sending you the notice though we believe that you already have it.
>
> You have sent us two emails-days after you said that you would-neither of which contained the document that you promised. It is inappropriate to now act as though you are doing us a favor-when the fact is that you have yet to comply with your obligation as a litigant in a State lawsuit.
> If you wish to discuss, please feel free to contact us.

*See* Exhibit "D" hereto. Plaintiff was next reminded in an email dated July 6, 2010, which read in part:

> It is also your duty to serve a copy of **ALL** pleadings, motions and letters to **ALL** parties in this action. Thus far, the other defendants have not been receiving any

- 3 -

CASE NO: 10-61117-CV-Gold/McAliley

papers from you. The Court does not serve the parties for you. More to the point, we haven't received any documents by mail or fax from you. For instance, your Motion for Recusal (which was denied) was not sent to us or any other counsel. Please be sure that you are serving all papers on all parties. **<u>Service by fax is acceptable under the rules</u>**.

*See* Exhibit "E" hereto.

As recently as September 7, 2010, Plaintiff was asked to serve copies of her filings. Her response was uncooperative at best and insulting at worst. *See* Exhibit "A" hereto. Furthermore, Plaintiff has indicated in person and in writing that her refusal to serve the parties was in retaliation for her perception of not being served documents before Undersigned was involved in this case.

To date, Plaintiff has refused to serve the following documents filed in state trial and appellate court on any Defendant:

  A. Motion to Vacate—July 29, 2010
  B. Notice of Appeal—June 25, 2010
  C. Notice of Appeal—June 29, 2010
  D. Notice of Appeal—August 2, 2010
  E. Motion for Recusal—June 28, 2010
  F. Motion to Consolidate Appeal—September 3, 2010
  G. Motion to Extend Time to File Initial Brief—September 3, 2010

Moreover, in addition to her duplicative litigation and litigation by ambush strategies, Plaintiff has threatened to file or actually filed frivolous bar Complaints against nearly all Defense Counsel, including Undersigned. *See* Exhibit "A"; Composite Exhibit "F" and Exhibit "G" hereto. As to the threat against Undersigned, it relates to Plaintiff's lack of opposition to a Motion to Stay the Filing of a Response to the Complaint, after documented conversations with Plaintiff. *See* Composite Exhibit "F."

CASE NO: 10-61117-CV-Gold/McAliley

## II. MEMORANDUM OF LAW

### A. Plaintiff's Should Be Enjoined From Further Pro Se Filings

It is clear that Plaintiff's five[1] related suits and repeated threats of additional suits, Motions and bar complaints constitute valid grounds for the Court to limit, or curtail Plaintiff's ability to continue this suit without assistance of counsel, or file additional motions in this matter, without prior leave of court in her continued pursuit of this action in the United States District Court for the Southern District of Florida.

The 11th Circuit recognizes that "federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *See Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386-87 (11th Cir.1993). However, such restrictions "to protect against abusive and vexatious litigation" must be limited in nature and can not operate as a complete bar from "any access to the court." *Id.*

To this end, the 11th Circuit has noted "with approval" that it is appropriate to enjoin the re-litigation of specific claims or claims arising from specific incidents or circumstances or the injunction of suits based on facts alleged in another suit. *Shell v. U.S. Dept. Of Housing and Urban Development,* 355 Fed. Appx. 300 (11th Cir. 2009). Further, a district court can limit or restrict a pro se litigant from instituting such claims in its district. *Id.*

Here, it is clear that Plaintiff's suit is an attempt at a civil rights action, with her pending

---

[1] In addition to this action, Plaintiff has three appellate actions pending in Florida State Court, and an almost identical complaint in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, titled *Stevens v. Hattan, et al*, case no. CA CE 10-12931 (02) pending in state court (*See* Exhibit "H" hereto) as well as three appellate cases, two of which are known to Defendant, pending in the Florida District Court of Appeal for the Fourth District, captioned *Stevens v. Hattan et al*, and assigned Case No. 4D10-2733 and Case No. 4D10-2732.

CASE NO: 10-61117-CV-Gold/McAliley

state lawsuit literally pasted into the body. *See* Exhibit "H" hereto. There is no meaningful difference in her litigation before this Court and her litigation in Broward County. Yet it is clear from Plaintiff's correspondence that she hopes to cost the parties money in order to create aggravation or grief. Moreover, based on her use of threats against counsel (which may be deemed a type of extortion, and could otherwise be actionable) which have no proper place or bearing in civil litigation, Defendants fear that Plaintiff will not be deterred by sanctions, as Plaintiff is proceeding before this court, free of charge, and claims to have no means to pay such (moreover, given her actions in state court, any sanctions would likely lead to yet another appeal).

Given Plaintiff's actions across three courts, Freda Stevens should be ordered to show this Court cause why she should not be enjoined from filing further *pro se* pleadings and filings in this court.

### B.  Plaintiff's Threats Are Sanctionable

This Court has inherent authority to sanction a litigant for bad faith conduct. See *Barash v. Kates,* 585 F.Supp.2d 1347 (S.D. Fla. 2006); see also *Footman v. Cheung,* 341 F.Supp.2d 1218 (M.D. Fla. 2004). As has been stated, "[t]he bad faith exception to the American Rule is not limited to conduct at the moment of filing, but also incorporates bad faith acts preceding and during litigation. . . . ***A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. . . . A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.***" *Id*. (Emphasis added; internal citations

CASE NO: 10-61117-CV-Gold/McAliley

omitted.)

Threats to opposing counsel have been deemed an attempt at disrupting or hampering the litigation.

> Anonymous, threatening letters prevent a speedy, open, and just resolution of the dispute on its merits. See Barnhill v. Security Pacific Business Credit, Inc., 11 F.3d 1360, 1368 (7th Cir.1993) (sanctions warranted when a party expresses "such flagrant contempt for the court and its processes"); Quela, 2000 WL 656681, at *7 ("Given the extreme importance of accurate and truthful discovery, our court system must have zero tolerance for parties who seek to intentionally distort the discovery and trial process"). Threatening letters are harassing, and demonstrates the litigant's use of the judicial system in bad faith. See Carroll v. The Jacques Admiralty Law Firm, 110 F.3d 290, 294 (5th Cir.1997) (sanctioning party for offensive, intimidating conduct, and a lack of respect for the judicial process).

*Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.* 2002 WL 1433717 (N.D. Ill. 2002).

Plaintiff, by her September 8, 2010 letter, saw fit to threaten the undersigned with a patently frivolous bar complaint, as a result of a simple request for copies of (allegedly) served documents. What is made more egregious is that the threat is aimed at "misconduct" before this court, to wit Defendants' Unopposed Motion for Stay (D.E. 17). Plaintiff alleges in her threatening letter that undersigned filed an unopposed motion that "[she] did not agree to." Interestingly, and as is illustrated by Composite Exhibit "F", undersigned not only confirmed, in writing, the conversation and her agreement, but also sent Plaintiff a copy of the motion by email titled, "Stevens vs. Hattan et al - Unopposed Motion to Stay Filing et al" containing the Motion. At no time did Plaintiff raise any problem, nor did she bring any opposition before the attention

CASE NO: 10-61117-CV-Gold/McAliley

of the court. What is clear and obvious, given Plaintiff's varied spate of recently filed suits, is that Plaintiff is aware of how to use lawsuits and bar complaints not as dispute resolution means, but rather as tools to "vanquish" her perceived enemies and opponents. This is improper conduct, and at the very least, sanctions are appropriate to both punish, and discourage, such conduct from Plaintiff in the future.

**WHEREFORE**, for the foregoing reasons, Defendants Town of Davie and Caryl Casey Hattan, respectfully requests that the Court enter an Order to Show Cause directed to Freda Stevens directing her to show cause why she should not be enjoined from filing further *pro se* pleadings and filings in this court, or why she should not be otherwise sanctioned, including dismissal of her action and/or an award of costs and reasonable attorneys' fees in favor of Defendants, arising from her vexatious litigation and consistent threats of further frivolous action; and that the Court enter all such other and further relief as the interests of justice may require or permit.

Respectfully submitted,

LYDECKER | DIAZ

/s/ Stephen Hunter Johnson
Stephen Hunter Johnson
Florida Bar No. 12362
1201 Brickell Avenue, 5th Floor
Miami, FL 33131
(305) 416-3180 –Telephone
(305) 416-3190—Facsimile
shj@lydeckerdiaz.com

- 8 -

CASE NO: 10-61117-CV-Gold/McAliley

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of September, 2010, I electronically filed the foregoing using the Court's CM/ECF system and served a copy by U.S. and electronic mail to Freda Sherman Stevens, *pro se,* 4611 South University Drive, Suite 406, Davie, FL 33328 at [freda@fredastevens.com](mailto:freda@fredastevens.com), and to all other counsel through the Court's CM/ECF system or by U.S. mail.

By: ___s/ Stephen Hunter Johnson___
       Of Counsel